DECISION
Defendant-appellant Dwain Duncan appeals from a conviction for escape in violation of R.C. 2921.34(A), alleging that the trial court erred in overruling his motion to dismiss the escape charge. We agree.
It is uncontested that on January 8, 1997, Duncan pleaded guilty to corruption of a minor and was sentenced. Apparently, Duncan was originally sentenced to community control for the offense, but he was later sent to prison for violating the conditions of community control. In December 1998, Duncan was released from prison after serving the full sentence, and he was placed on post-release control pursuant to R.C. 2967.28. While on post-release control, Duncan was under the supervision of the Ohio Adult Parole Authority (APA). Parole Officer David McHugh supervised Duncan. McHugh testified at the hearing on Duncan's motion to dismiss that, in January 1999 and May 1999, Duncan violated the conditions set forth by the parole authority while under post-release control. McHugh stated further that, as a result of the violations, Duncan was ordered by the parole authority to complete an eighteen-month program at the Cincinnati Volunteers of America (VOA). In May 1999, Duncan failed to comply with the program's requirements and, as a result, he was charged with escape in violation of R.C. 2921.34(A).
In July 1999, Duncan filed a motion to dismiss the escape charge, arguing that the post-conviction control statute, R.C. 2967.28, is unconstitutional because it violates the doctrines of separation of powers and due process contained in the United States and Ohio Constitutions, and because it constitutes cruel and unusual punishment. Duncan claimed that, because R.C. 2967.28 is unconstitutional, he should not have been subjected to post-release control. Further, he argued that he should not have been ordered by the APA to serve eighteen months in a program with the VOA and, based on this reasoning, he concluded that he could not legally have been charged with escape.
After conducting a hearing on the motion to dismiss, the trial court denied Duncan's motion. Duncan subsequently pleaded "no contest" to the escape charge. In August 1999, he was found guilty of escape and sentenced to confinement for one year. Duncan appeals the trial court's decision, arguing that he could not be convicted under the escape statute because the post-release control statute, R.C. 2967.28, is unconstitutional. Essentially, Duncan maintains that he was not legally under detention in May 1999 because R.C. 2967.28 is unconstitutional and, it follows, he was not subject to prosecution for escape under R.C. 2921.34. We agree.
The post-release control statute, R.C. 2967.28(C), provides:
 Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.
 A post-release control violator may be subject to a variety of sanctions administered by the APA.[1] If the post-release control sanctions are violated, the APA may hold a hearing and increase the duration of post-release control and, where appropriate, it may impose a prison term.[2]
The Third, Sixth, and Eighth District Courts of Appeals in Ohio have recently addressed the constitutionality of R.C. 2967.28, holding that it is unconstitutional under the United States and Ohio Constitutions.[3] Specifically, the courts struck down R.C.2967.28 as unconstitutional under the due-process clause and the separation-of-powers doctrine.[4]
Duncan argues that R.C. 2967.28 violates the separation-of-powers doctrine. In support of his argument, Duncan cites to Woods v.Telb. In Woods, the Sixth District Court of Appeals explained that the APA has been unconstitutionally assigned quasi-judicial powers because it can incarcerate an offender after completing the sentence imposed by a trial court. Further, Duncan refers toState v. Jones, where the Fourth District Court of Appeals concluded that the lack of judicial intervention offends the separation-of-powers doctrine. In sum, Duncan argues that R.C.2967.28 violates the separation-of-powers doctrine by usurping judicial authority.
While we note that there is a strong presumption for concluding that lawfully enacted legislation is constitutional, this presumption may be rebutted.[5] Although the separation-of-powers doctrine espoused under the United States Constitution is not specifically delineated in the Ohio Constitution, the Ohio Constitution does mandate that the judicial power shall vest in specifically named courts.[6] Further, it is well settled in Ohio that other branches of government cannot impede the administration of justice by the judicial branch.[7] Thus, a state agency does not have the constitutional authority to act as the judicial branch. However, pursuant to R.C. 2967.28, the APA (a state agency) does perform quasi-judicial functions. For example, R.C.2967.28 gives the APA the power to determine the duration of the offender's post-release control after the offender has served a prison term; to set the standard of behavior for an offender; to determine when there has been a violation of the set standard; and to apply punishment for the violation without judicial intervention. Thus, we conclude that R.C. 2967.28 is unconstitutional under the separation-of-powers doctrine because it assigns quasi-judicial functions to the APA.
Furthermore, Duncan argues that his due-process rights were violated. Duncan again cites to Woods and Jones as instructive cases on this issue. Under the United States and Ohio Constitutions, procedural due process demands that, where the state infringes on protected liberty or property interests, the offender has a right to notice and an opportunity to be heard in a meaningful time and manner by a neutral and detached decision maker.[8] In Woods and Jones, the courts determined that R.C.2967.28 violates an offender's due-process right to a neutral, detached decision maker because the APA determines the offender's charges, pronounces guilt, and implements punishment. In addition, the Woods court cautioned that, even if we assume that the APA served as a neutral decision maker, the offender's procedural due-process rights are violated under R.C. 2967.28 by the mere fact that the APA is imposing an additional sentence not contemplated by the trial court and without the protections accorded a defendant in a criminal prosecution.[9] Based on the persuasive arguments presented in Woods and Jones, we conclude that Duncan's due-process rights were violated by R.C. 2967.28.
Having determined that the post-release control statute is unconstitutional under the United States and Ohio Constitutions, we conclude that Duncan was not under "detention" for purposes of the escape statute. The escape statute provides that no one under detention "shall purposely break or attempt to break detention, or purposely fail to return to detention * * *."[10]
Detention is defined in pertinent part as:
 arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States * * *.[11]
Duncan had completed his sentence for corruption of a minor in December 1998, but was thereafter placed on post-release control. While on post-release control, he was charged with escape for violating the post-release control conditions. Aside from the post-release control imposed by the APA, Duncan was not otherwise under detention. Because we have concluded that R.C. 2967.28 is unconstitutional and because Duncan was not otherwise under detention, it follows that Duncan did not, as a matter of law, violate the escape statute.
Accordingly, we find that the trial court erred in overruling Duncan's motion to dismiss the charge of escape, and we sustain his assignment of error. Further, pursuant to our analysis, we reverse the judgment of the trial court and discharge Duncan from prosecution under R.C. 2921.34(A).
Judgment reversed and appellant is discharged.
 Gorman, P.J., Sundermann and Winkler, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See R.C. 2967.28(D)(1).
[2] See R.C. 2967.28(F)(3).
[3] See Price v. Henry (Mar. 23, 2000), Logan App. No. 8-99-12, unreported; State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, discretionary appeal allowed 88 Ohio St.3d 1414,723 N.E.2d 120; Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported, discretionary appeal allowed 87 Ohio St.3d 1492,722 N.E.2d 526.
[4] See id. See, also, State v. Nutt (Sept. 16, 1999), Pickaway App. No. 98CA36, unreported, discretionary appeal allowed88 Ohio St.3d 1415, 723 N.E.2d 120 ("bad time" statute imposed by Adult Parole Authority pursuant to R.C. 2967.11 violates Double Jeopardy Clauses of the Ohio and United States Constitutions); White v.Konteh (Mar. 23, 1999), Trumbull App. No. 99-T-0020, unreported ("bad time" statute, R.C. 2967.11, unconstitutional under the due-process clauses and separation-of-powers doctrine). But, see,State ex rel. Bray v. Russell (Nov. 9, 1998), Warren App. No. CA98-06-068, unreported, discretionary appeal allowed 87 Ohio St.3d 1411,717 N.E.2d 344 ("bad time" statute under R.C. 2967.11
constitutional despite challenges on due-process, equal-protection and separation-of-powers grounds).
[5] See State v. Hochhausler (1996), 76 Ohio St.3d 455, 458,668 N.E.2d 457, 462.
[6] See Section I, Article IV, Ohio Const. 
[7] See State v. Hochhausler, supra, at 463-464,668 N.E.2d at 466.
[8] See id. at 459, 668 N.E.2d at 463, citing Green v. Lindsey
(1982), 456 U.S. 444, 102 S.Ct. 1874.
[9] See Woods v. Telb, supra, slip op. at 6.
[10] R.C. 2921.34(A).
[11] R.C. 2921.01(E).